UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :
v.                          :     CRIMINAL NO. 3:12CR00206(AVC)
                            :
MUJAHID MUHAMMAD, et al.    :


            **RULING ON THE DEFENDANT, KENNETH CRUTCHFIELD'S**
                **MOTION FOR DISCOVERY AND DISCLOSURE**

   The indictment charges the defendants with, *inter alia*, conspiracy to distribute and to possess with the intent to distribute two hundred eighty grams or more of cocaine base/"crack" in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(A)(iii). Beginning on or about January 2, 2012 and continuing until approximately March 30, 2012, the indictment charges several named defendants, and others known and unknown to the Grand Jury, to have knowingly and intentionally conspired to violate the narcotic laws of the United States.

   The defendant, Kenneth Crutchfield, has filed the within motion for an order directing the government to furnish him with certain information concerning the use of informants, confidential sources, sources of information, infiltrators, and cooperating individuals who participated in any way or who are material witnesses to any of the events charged in the indictment. The defendant's motion raises two issues: whether

the defendant should be furnished with 1) information required to be disclosed under Brady v. Maryland, 373 U.S. 83, 87 (1963) and 2) information about confidential sources under Roviaro v. United States, 353 U.S. 53, 60-61 (1957).

## I.   STANDARD

Fed. R. Crim. P. 16 does not authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500. Fed. R. Crim. P. 16(a)(2). "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). However, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady 373 U.S. at 87; Giglio v. Unites States, 405 U.S. at 153.

Regarding informants, "[w]hat is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish

information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." Roviaro 353 U.S. at 60-61.  The privilege is not unlimited. "[W]here the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable. Id.  A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Roviaro, 353 U.S. at 62 (finding that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way). In making its decision as to disclosure, a court is "call[ed] [to] balance[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62.

## DISCUSSION

### a. Disclosure Under Brady v. Maryland

The defendant argues that his requests for information is warranted under various legal authority which support the

disclosure of his particular requests, including, *inter alia*: criminal conduct, agreements with the government, threats by the government, and financial arrangements with the government.

The government responds that it is "aware of its obligations" under 18 U.S.C. § 3500(a), Brady, and Giglio, and will adhere to those obligations required before trial.

The court will not order the government to furnish this information until it fails to comply with its requirements.

**b. Disclosure under Roviaro v. United States**

The defendant argues that "there is no reason for the Government to fail to provide the information the defendant seeks . . ." Specifically, the defendant argues the government is obligated to provide information about informants because these individuals participated in and were material witnesses to the events charged in this indictment. The defendant argues his "request is also essential to a fair trial, effective presentation of the defense and adequate assistance of counsel."

The government responds that "[w]here, as here, the defense has made no showing of particularized need, or no showing of any sort, and has demanded identity and other information about, not a particular informant, but about all informants, the prerequisites for disclosure set forth in Rovario have not been met.

Considering the balancing test set forth in Rovario, the court concludes that, in this case, with the absence of a particularized showing of the value of the information to the defendant's defense, the public interest in protecting the flow of information is not outweighed.

## CONCLUSION

For the foregoing reasons, the defendant's motion for discovery of government use of confidential sources and disclosure of exculpatory evidence concerning confidential sources (documents #133) is denied.

It is so ordered this ___ day of December, 2013 at Hartford, Connecticut.

                                                    _____
                                                    Alfred V. Covelo,
                                                    United States District Judge